# THE LAW OFFICE OF MATTHEW GALLUZZO PLLC

11 BROADWAY, SUITE 715    NEW YORK, NEW YORK 10004
Tel. (212) 344-5180    www.criminal-defense.nyc

**MEMO ENDORSED**

May 22, 2023

The Honorable Judge Edgardo Ramos
United States District Court Judge
Thurgood Marshall U.S. Courthouse
Southern District of New York
40 Foley Square
New York, New York 10007

> The parties are directed to make their arguments as to the application of § 4B1.1 in their sentencing submissions. SO ORDERED.
>
> *Edgardo Ramos, U.S.D.J.*
> Dated: May 25, 2023
> New York, New York

Re:    *United States v. Elvin Huertero*, 20-cr-580 (ER)

Dear Judge Ramos,

I represent Mr. Elvin Huertero in the above-captioned matter, currently scheduled for sentencing on June 15. The matter has been postponed several times in the hopes that the parties might reach an agreement as to whether Mr. Huertero should be properly classified as a Career Offender. This would seemingly be a straightforward issue, except that the law has evolved recently on an issue relevant to Mr. Huertero's sentencing.

Until recently, the government had been actively appealing a District Court decision which held that a 2002 conviction for New York Penal Law § 220.39 (Criminal Sale of a Controlled Substance in the Third Degree) did not qualify as a controlled substance offense under the definitions relating to §4B1.1 of the Sentencing Guidelines (career offender criteria). The District Court reached this conclusion because the New York state drug schedules are currently broader than the federal schedules (specifically owing to naloxegol being legal at the federal level since 2015). See U.S. v. Gibson, 20-3049 (2nd Cir. Dec. 6, 2022). The government contended that district courts should compare the state and federal drug schedules in effect at the time of the state-level conviction being considered as a predicate offense. Ultimately, the Second Circuit affirmed the District Court's decision to compare the state and federal drug schedules at the time of the defendant's federal sentencing, and not at the time that the defendant was sentenced on the prior state-court felony. Id. The government then petitioned the Second Circuit for a rehearing/clarification of the court's holding and the Court affirmed its prior ruling on February 21, 2023. It would thus appear that a prior conviction for Penal Law § 220.39 no longer qualifies as a predicate offense for §4B1.1.



11 Broadway, Suite 715    New York, New York 10004
Tel. (212) 344-5180    www.criminal-defense.nyc

Mr. Huertero has two prior convictions for this same charge (Penal Law § 220.39) from 2008 and 2011, and the Department of Probation classified Mr. Huertero as a Career Offender for this reason (see Paragraphs 33 and 49 of the Presentence Investigation Report). Notably, this report was drafted prior to the Second Circuit's decision in Gibson. Obviously, Mr. Huertero submits that he would no longer be properly classified as a Career Offender given the Second Circuit's decision in Gibson. I am informed by my counterparts at the government that they nonetheless contend that Mr. Huertero's prior convictions for this charge make him a Career Offender, despite Gibson. As such, we are not in agreement about Mr. Huertero's Criminal History and Guidelines calculations.

The parties can certainly make these arguments about the Guidelines in their sentencing submissions, but I bring this issue to the Court's attention in case it would prefer for the parties to brief this issue first before proceeding to sentencing. This was the approach taken by the District Court in Gibson. See U.S. v. Gibson, 19-cr-66 (LJV) (W.D.N.Y.) (Docket Entry # 52). Upon concluding that it would not apply the §4B1.1 factor, that District Court then ordered a revised Presentence Report before proceeding to sentencing.

Respectfully submitted,

_____/s/_____
Matthew Galluzzo, Esq.

CC:
AUSA Emily Johnson
AUSA Marguerite Colson

VIA ECF